CLERK
US DISTRICT &
BANKRUPTCY COURTS

2008 APR 23 PM 1:40

RECEIVED

**FILED**

APR 23 2008

Clerk, U.S. District and
Bankruptcy Courts

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

Cynthia A. Frey )
9100 Sterling Montague Dr. )
Great Falls, VA 22066-4004 )
703-865-7350
*Plaintiff*

v.

DEPARTMENT OF ENERGY, )
FORRESTAL BUILDING )
1000 INDEPENDENCE AVE, S.W. )
WASHINGTON, DC 20585 )
)
and )
)
THE UNITED STATES OF AMERICA )
)
*Defendants* )

Case: 1:08-cv-00694
Assigned To : Bates, John D.
Assign. Date : 4/23/2008
Description: FOIA/Privacy Act

**COMPLAINT FOR RELIEF UNDER
THE FREEDOM OF INFORMATION ACT**

?rey brings this action under the Freedom of Information Act

2, to compel the Department of Energy to produce copies of

), used by, or issued by the Department related to an

Inspector General (IG) investigation conducted into misconduct in the office of Pipeline

Certificates at the Federal Energy Regulatory Commission (FERC), as described below,

**Jurisdiction**

This Court has jurisdiction under 28 U.S.C. Section 1331 and 5 U.S.C. Section 552 (a) (4) (B).

**Parties**

Plaintiff is an attorney advisor at the Federal Regulatory Energy Commission.

Defendant, the Department of Energy (DOE) is an agency of the United States. DOE and the Inspector General of the Department of Energy (OIG), its office of hearings and Appeals (OHA) and its Office of the Executive Secretariat have possession and control of the records at issue in this action.

**Background: The Procedural Path of the FOIA Request**

On February 15, 2002, Plaintiff filed a FOIA request for copies of documents related to an Office of Inspector General (OIG) investigation conducted into alleged criminal misconduct in the Office of Pipeline Certificates at the Federal Energy Regulatory Commission, for the testimony of FERC supervisor of Maynard Ugol and the testimony of Deborah Grayson, a secretary at FERC. On May 9, 2002, the OIG released three documents in their entirety, released 32 documents with material withheld pursuant to FOIA exemptions 6 and 7(C), and released two documents with material withheld

2

under Exemptions 5, 6, and 7(C). The documents released by the OIG to the Plaintiff were heavily redacted, indecipherable and non-responsive to her request.

On July 9, 2002, Plaintiff filed an appeal with the Department of Energy's Office of Hearings and Appeals (OHA) protesting the failure of OIG to release the interviews of Maynard Ugol and Deborah Grayson. Plaintiff argued that the OIG released a "heavily redacted, partial response that falsely gave the impression that the investigation had ended months before Maynard Ugol testified to OIG investigator, Yvette Milam.

Mr. Ugol testified twice to Yvette Milam, the first time in the summer or early fall of 1996, and for the second time in late November or early December of 1996. Mr. Ugol retired a few weeks later in January 1997. The appeal filed by Plaintiff on July 9, 2002, OHA Case No. VFA-0754, was denied on December 2, 2002, based on the privacy interests of Maynard Ugol and Deborah Grayson.

On June 30, 2004, Plaintiff, through her counsel, sent a letter to OHA, requesting copies of all DOE records submitted to, used by or issued by the agency in reaching its decision and order of December 2, 2002. OHA responded to Plaintiff's request on July 15, 2004, "providing copies of the 'documents contained in its case file in Case No. VFA-0754," despite the fact that Plaintiff had requested a broader submittal, as described above. The Office of the Executive Secretariat responded to Plaintiff's request on August 4, 2004, providing little or nothing relevant to the request. OIG responded to Plaintiff's June 30, 2004 request on August 30, 2004. In its response, OIG stated that it had no responsive documents other than those that it had already provided to Plaintiff in May 2002, and therefore would not be providing any more documents.

3

In her September 29, 2004 appeal, Plaintiff argued that OHA's response to her June 30, 2004, request, was incomplete, because it "did not include any of the OIG's investigative records. . . despite the fact that OHA obtained and reviewed 'unredacted copies' of such materials." Plaintiff appealed OIG's refusal to produce documents responsive to her request. Plaintiff also argued that the response of the Office of the Executive Secretariat was incomplete, because it did not include any of OIG's investigative records.

On October 22, 2004, Plaintiff's appeal was denied in part and granted in part in OHA Dockets TFA-0072 and TFA-0073. The OHA stated, "We are remanding to OIG the matter of whether any documents pertaining to Mr. Ugol created or obtained in the course of the OIG investigation described above may now be released to [Plaintiff], in light of the evidence [she] has submitted regarding his death." Maynard Ugol died in June 2003. The OHA remand was limited to Mr. Ugol's testimony concerning drug use and leave abuse.

The OIG responded by producing more records of the investigation. These new records gave lie to the OIG's earlier attempt in 2002 to show that the investigation had ended long before Mr. Ugol has ever testified. Still, in this 2004 release of records, the OIG completely denied that the second interview and testimony by Maynard Ugol in late November or early December 1996, had ever taken place. In fact, Ms. Milam had called Plaintiff at home early in the drab winter morning in 1996, before Mr. Ugol arrived for the second interview, and confirmed it later, by stating, "He sure talked." On one or more subsequent occasions, she told Plaintiff that she knew exactly where Mr. Ugol's testimony was located.

4

On November 15, 2007, Plaintiff filed a "Complaint for Relief Under The Freedom of Information Act" in Docket No. 1:07-cv-02083. However, since her efforts at service upon the Defendant were unsuccessful, Judge Bates dismissed the case on April 18, 2008, without prejudice to refiling. This complaint is a refiling of Docket No. 1:07-cv-02083.

**Request**

In light of the foregoing allegations, Plaintiff requests all of the testimony of Maynard Ugol, particularly that of his second interview with Ms. Yvette Milam in late November or early December 1996, as well as all investigative materials, notes and tapes, and copies of all records submitted to, used by or issued by the agency pertaining thereto. Plaintiff also particularly requests that the court not allow DOE to limit the range of testimony or materials contained in a self-defined case file, such as OHA did in its July 15, 2004 submittal to Plaintiff's counsel where it searched "'documents contained in its case file" in Case No. VFA-0754" as noted above. Plaintiff also requests that the court not allow DOE to limits its response to annual leave abuse and drug use.

Plaintiff is aware that some of Mr. Ugol's testimony is about her. This is a related matter to US District Court for the District of Columbia Civil Docket Case No. 1:05-cv-00769-RBW.

**Claim for Relief**

Plaintiff incorporates the allegations above.

The materials at issued in this action are agency records of the DOE within the meaning of 5 U.S.C. Section 552. The Plaintiff has requested release of these records

5

under FOIA. DOE has either denied or withheld release, or made it appear that these testimonies did not exist. The Plaintiff has exhausted her administrative remedies by filing timely appeals, as described above.

The Department of Energy's own Office of Hearings and Appeals has held that the requested testimony of Maynard Ugol is not exempt from release under the Freedom of Information Act due to his death in June 2003. The OHA ruling is attached.

**Relief Requested**

Wherefore, the Plaintiff prays for the following relief:

An order requiring the Department of Energy to make all of the testimony of Maynard Ugol from both of his appearance testimonies before the Office of Inspector General, and all investigative materials and documents submitted, used or produced, including the notes and recordings of Yvette Milam, available to the Plaintiff forthwith;

An award of costs and reasonable attorney fees as authorized by FOIA, 5 U.S.C. Section 552(a) (4) (E) and/or the Equal Access to Justice Act, 28 U.S.C. Section 2412;

Such other and further relief as the court may deem proper.

Respectfully submitted,

*Cynthia A. Frey*
Cynthia A. Frey
*Plaintiff Pro Se*

October 22, 2004

DECISION AND ORDER
OF THE DEPARTMENT OF ENERGY

Appeal

| | |
|---|---|
| Name of Petitioner: | Cynthia A. Frey |
| Dates of Filing: | September 29, 2004 |
| | September 30, 2004 |
| Case Numbers: | TFA-0072 |
| | TFA-0073 |

On September 29, 2004, Cynthia A. Frey filed an Appeal (Case No. TFA-0072) from determinations that two offices of the Department of Energy (DOE) issued to her. The determinations responded to a request for information filed under the Freedom of Information Act (FOIA), 5 U.S.C. § 552, as implemented by the DOE in 10 C.F.R. Part 1004. In each office's determination, DOE released responsive information to Ms. Frey. This Appeal, if granted, would require the offices to perform new searches for additional responsive information. On September 30, 2004, Ms. Frey filed a Request for Reconsideration (Case No. TFA-0073) of a Decision and Order that the DOE's Office of Hearings and Appeals issued to her on December 19, 2002. In that Decision and Order, the DOE withheld from disclosure any statements that former Federal Energy Regulatory Commission (FERC) Deputy Assistant General Counsel Maynard Ugol might have made to the Office of the Inspector General in the course of a particular investigation. This Request for Reconsideration, if granted, would require the DOE to release those statements to Ms. Frey.

I. Background

On February 15, 2002, Ms. Frey filed a request for information, pursuant to the Freedom of Information Act, for a copy of the records related to an investigation the DOE's Office of the Inspector General (OIG) conducted into alleged drug use and leave abuse at FERC's Office of Pipeline Certificates. OIG responded to that request, and Ms. Frey appealed that response to the Office of Hearings and Appeals (OHA). After due consideration, OHA issued a final Decision and Order (Case No. VFA-0754) in which, *inter alia,* it upheld OIG's determination to withhold any statements that Mr. Ugol might have made in the course of that investigation, holding that Exemptions 6 and 7(C) of the FOIA protected the identities of those interviewed. *Cynthia Frey Nordstrom,* 28 DOE ¶ 80,258 (2002). In her Request for Reconsideration, Ms. Frey contends, and has produced evidence, that Mr. Ugol has died. She argues that the privacy interests in Mr. Ugol's participation in the investigation, which formed the foundation for withholding

08 0694

FILED

APR 23 2008

Clerk, U.S. District and
Bankruptcy Courts

2

information pertaining to him under Exemption 7(C), have expired, and that information should now be released to her under the FOIA.

On June 30, 2004, Ms. Frey, through her counsel, sent a letter to OHA, requesting copies of all DOE records "submitted to, used by, or issued by the Agency in reaching its Decision and Order [in Case No. VFA-0754]." To ensure a complete response, this request was forwarded to the Headquarters FOIA/Privacy Act Group, which assigned search responsibilities to three offices, OIG, OHA and Executive Secretariat, with instructions that each office should respond directly to the requester.

OHA responded to Ms. Frey's request on July 15, 2004, providing copies of the documents contained in the case file that corresponds to Case No. VFA-0754. In her Appeal, Ms. Frey contends that OHA's response is incomplete, because it "did not include any of the OIG's investigative records . . . despite the fact that OHA obtained and reviewed 'unredacted copies' of such materials before issuing its [decision in Case No. VFA-0754]." Appeal at 5.

The Office of the Executive Secretariat responded to Ms. Frey's request on August 4, 2004. In her Appeal, Ms. Frey contends that this response is also incomplete, because it likewise did not include any of OIG's investigative records. Appeal at 6. Ms. Frey does not provide any factual basis for this portion of her Appeal. In fact, the Office of the Executive Secretariat's response is not mentioned again throughout the entirety of her 15-page Appeal. In the absence of any explanation of why this Office's response is incomplete, for example, why it should have any of OIG's investigative records, we conclude that the Office of the Executive Secretariat's search for documents responsive to Ms. Frey's request was adequate.

OIG responded to Ms. Frey's request on August 30, 2004. In its response, OIG stated that it had no responsive documents other than those that it had already provided to Ms. Frey in May 2002, and therefore would not be providing any documents. Ms. Frey appeals OIG's refusal to produce documents responsive to her request. Appeal at 6-7.

II. Analysis

A. Adequacy of the Search

The FOIA requires that federal agencies generally release documents to the public upon request. Following an appropriate request, the FOIA requires agencies to search their records for responsive documents. We have stated on numerous occasions that a FOIA request deserves a thorough and conscientious search for responsive documents, and we have not hesitated to remand a case where it is evident that the search was in fact inadequate. *See, e.g., Alice McMillan,* 28 DOE ¶ 80,118 (2004). To determine whether an agency's search was adequate, we must examine its actions under a "standard of reasonableness." *McGehee v. CIA,* 697 F.2d 1095, 1100-01 (D.C. Cir. 1983), *modified in part on rehearing,* 711 F.2d 1076 (D.C. Cir. 1983). This standard "does not require absolute exhaustion of the files; instead, it requires a search

3

reasonably calculated to uncover the sought materials." *Miller v. Department of State*, 779 F.2d 1378, 1384-85 (8th Cir. 1985). Consequently, the determination of whether a search was reasonable is "dependent upon the circumstances of the case." *Founding Church of Scientology v. NSA*, 610 F.2d 824, 834 (D.C. Cir. 1979).

**1. Office of Hearings and Appeals**

We reviewed the procedure this Office followed in producing its response to Ms. Frey's June 30, 2004 request for documents. According to Valerie Vance Adeyeye, the attorney who prepared that response, she retrieved the case file in Case No. VFA-0754 and photocopied each document in that file. The case file is the only logical place in the office where any documents related to that case would be located. Ms. Adeyeye then prepared the cover letter and enclosed with it all the photocopies she had made. No copies of the OIG records that Ms. Frey now seeks were enclosed, because there were none in the case file. Ms. Adeyeye, who was the staff attorney assigned to Case No. VFA-0754, explained that, in the course of processing that appeal, she compared the unredacted and redacted versions of the records contained in OIG's investigative file by reviewing them in a conference room within the offices of OIG. Memorandum to File in Case No. TFA-0072 (October 14, 2004). Ruby Len of OIG recalled that Ms. Adeyeye reviewed the OIG file at OIG, and stated that OIG's policy is to permit OHA to review files on the premises but not to make copies of them. Memorandum of Telephone Conversation between Ruby Len, OIG, and William Schwartz, OHA (October 6, 2004). In light of those circumstances, the fact that OHA's search for documents did not yield unredacted material from the OIG investigative file does not establish that the search was inadequate. To the contrary, I conclude that OHA's search for responsive documents was adequate.

**2. Office of Inspector General**

The OIG responded to Ms. Frey's June 30, 2004 request for documents by stating that it was providing no documents to her because it had no responsive documents to give her other than those it provided to her in May 2002. In her Appeal, Ms. Frey contends that she suffered from a medical condition that "prevented her from properly maintaining and/or retaining the previously released documents." Appeal at 9. After discussing this Appeal with a representative of OHA, Ms. Len explained that OIG normally, and certainly in this case, will produce a second set of documents for a requester upon request. Ms. Len indicated that she will provide Ms. Frey with a second set of documents upon receipt of this Decision and Order. Memorandum of Telephone Conversation between Ruby Len, OIG, and William Schwartz, OHA (October 6, 2004). In these circumstances, such action is appropriate.

**B. Request for Reconsideration**

In her Request for Reconsideration (Case No. TFA-0073), Ms. Frey asks that OHA reconsider its determination, in Case No. TFA-0754, to withhold from disclosure any records pertaining to Mr. Ugol. In that case, OHA agreed with OIG's determination to withhold the names and identities

4

of all individuals who were interviewed in connection with the OIG investigation described above, under two exemptions of the FOIA, one that protects information the release of which "would constitute a clearly unwarranted invasion of personal privacy" (Exemption 6) and another that protects information compiled for law enforcement purposes, the release of which "could reasonably be expected to constitute an unwarranted invasion of personal privacy" (Exemption 7(C)). Ms. Frey contends that any information regarding Mr. Ugol may now be disclosed in light of his death, which she contends extinguishes any personal privacy interests Mr. Ugol may have held while he was alive.

The DOE FOIA regulations do not explicitly provide for reconsideration of a final Decision and Order. *See* 10 C.F.R. § 1004.8. However, in prior cases, we have used our discretion to consider requests or motions for reconsideration where circumstances warrant. *See, e.g., Dallas D. Register,* 28 DOE ¶ 80,218 (2002). In reviewing such requests for reconsideration, we may look to Subpart E of 10 C.F.R. Part 1003, OHA's general administrative rules regarding modification or rescission of its orders. *See, e.g., Ron Vader,* 23 DOE ¶ 80,183 (1994). Those regulations provide that an application for modification or rescission of an order shall be processed only when the application demonstrates that it is based on significantly changed circumstances, defined in pertinent part as "a substantial change in the facts or circumstances upon which an outstanding . . . order of the OHA affecting the applicant was issued, which change has occurred during the interval between issuance of such order and the date of the application and was caused by forces or circumstances beyond the control of the applicant." 10 C.F.R. § 1003.55(b)(1).

In the present case, Mr. Ugol's death appears to meet the definition of significantly changed circumstances. His death may affect the current appropriateness of the determination in Case No. VFA-0754 to withhold documents pertaining to Mr. Ugol on the basis of his personal privacy interests. Consequently, this matter should be reconsidered. We have determined that the proper approach to this reconsideration is to remand the matter to OIG. OIG should review the material that Ms. Frey has submitted in support of these changed circumstances and determine whether it adequately establishes the death of an interviewee who participated in the investigation at issue and, if so, whether the death mandates the release of information heretofore withheld from Ms. Frey.

### III. Conclusion

We find that the Office of Hearings and Appeals conducted an adequate search for documents responsive to Ms. Frey's June 30, 2004 request for documents. We have ascertained that the Office of the Inspector General will provide Ms. Frey with a second set of the documents it provided to her in May 2002. Finally, we are remanding to OIG the matter of whether any documents pertaining to Mr. Ugol created or obtained in the course of the OIG investigation described above may now be released to Ms. Frey, in light of the evidence she has submitted regarding his death. Accordingly, Ms. Frey's Appeal will be denied in part and granted in part.

5

It is Therefore Ordered That:

(1) The Appeals filed by Cynthia A. Frey on September 29 and 30, 2004, OHA Case Nos. TFA-0072 and -0073, respectively, are hereby granted to the extent set forth in paragraphs (2) and (3) below, and denied in all other respects.

(2) The Office of the Inspector General will promptly produce and deliver to Ms. Frey copies of all documents in its possession that are responsive to her June 30, 2004 Freedom of Information Act request.

(3) The Office of the Inspector General will promptly reconsider its determination to withhold any records concerning an investigation into drug use and leave abuse at the Office of Pipeline Certificates of the Federal Energy Regulatory Commission, but only regarding any documents it may have withheld pertaining to Maynard Ugol, in light of the evidence of his death as provided by Ms. Frey in this proceeding. Following such reconsideration, the Office of the Inspector General will promptly issue a new determination either releasing such documents or justifying the withholding of any portion or portions of those documents.

(4) This is a final order of the Department of Energy of which any aggrieved party may seek judicial review pursuant to the provisions of 5 U.S.C. § 552(a)(4)(B). Judicial review may be sought in the district in which the requester resides or has a principal place of business, or in which the agency records are situated, or in the District of Columbia.


George B. Breznay
Director
Office of Hearings and Appeals

Date: October 22, 2004

JS-44
(Rev.1/05 DC)

# CIVIL COVER SHEET

## I (a) PLAINTIFFS

~~FREY~~ I. Cynthia FREY

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF  88888
(EXCEPT IN U.S. PLAINTIFF CASES)

## DEFENDANTS

Dept of Energy & USA

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT

(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
9100 Sterling Montague Dr.
Great Falls, VA 22066

Case: 1:08-cv-00694
Assigned To : Bates, John D.
Assign. Date : 4/23/2008
Description: FOIA/Privacy Act

## II. BASIS OF JURISDICTION
(PLACE AN x IN ONE BOX ONLY)

☐ 1 U.S. Government Plaintiff
☐ 3 Federal Question (U.S. Government Not a Party)
☒ 2 U.S. Government Defendant
☐ 4 Diversity (Indicate Citizenship of Parties in item III)

## III CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN X IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) FOR DIVERSITY CASES ONLY!

|  | PTF | DFT |  | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ☐ 1 | ☒ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☒ 2 | ☒ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. CASE ASSIGNMENT AND NATURE OF SUIT
(Place a X in one category, A-N, that best represents your cause of action and one in a corresponding Nature of Suit)

### ☐ A. Antitrust
☐ 410 Antitrust

### ☐ B. Personal Injury/Malpractice
☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Federal Employers Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury
☐ 362 Medical Malpractice
☐ 365 Product Liability
☐ 368 Asbestos Product Liability

### ☐ C. Administrative Agency Review
☐ 151 Medicare Act

Social Security:
☐ 861 HIA ((1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g)
☐ 864 SSID Title XVI
☐ 865 RSI (405(g)

Other Statutes:
☐ 891 Agricultural Acts
☐ 892 Economic Stabilization Act
☐ 893 Environmental Matters
☐ 894 Energy Allocation Act
☐ 890 Other Statutory Actions (If Administrative Agency is Involved)

### ☐ D. Temporary Restraining Order/Preliminary Injunction

Any nature of suit from any category may be selected for this category of case assignment.

*(If Antitrust, then A governs)*

### ☐ E. General Civil (Other) OR ☐ F. Pro Se General Civil

**Real Property**
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent, Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

**Personal Property**
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

**Bankruptcy**
☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

**Immigration**
☐ 462 Naturalization Application
☐ 463 Habeas Corpus- Alien Detainee
☐ 465 Other Immigration Actions

**Prisoner Petitions**
☐ 535 Death Penalty
☐ 540 Mandamus & Other
☐ 550 Civil Rights
☐ 555 Prison Condition

**Property Rights**
☐ 820 Copyrights
☐ 830 Patent
☐ 840 Trademark

**Federal Tax Suits**
☐ 870 Taxes (US plaintiff or defendant)

☐ 871 IRS-Third Party 26 USC 7609

**Forfeiture/Penalty**
☐ 610 Agriculture
☐ 620 Other Food &Drug
☐ 625 Drug Related Seizure of Property 21 USC 881
☐ 630 Liquor Laws
☐ 640 RR & Truck
☐ 650 Airline Regs
☐ 660 Occupational Safety/Health
☐ 690 Other

**Other Statutes**
☐ 400 State Reapportionment
☐ 430 Banks & Banking
☐ 450 Commerce/ICC Rates/etc.

☐ 460 Deportation
☐ 470 Racketeer Influenced & Corrupt Organizations
☐ 480 Consumer Credit
☐ 490 Cable/Satellite TV
☐ 810 Selective Service
☐ 850 Securities/Commodities/Exchange
☐ 875 Customer Challenge 12 USC 3410
☐ 900 Appeal of fee determination under equal access to Justice
☐ 950 Constitutionality of State Statutes
☐ 890 Other Statutory Actions (if not Administrative Agency Review or Privacy Act)

(3)

| ☐ G. *Habeas Corpus/ 2255*<br>☐ 530 Habeas Corpus-General<br>☐ 510 Motion/Vacate Sentence | ☐ H. *Employment Discrimination*<br>☐ 442 Civil Rights-Employment (criteria: race, gender/sex, national origin, discrimination, disability age, religion, retaliation)<br><br>*(If pro se, select this deck)* | ☒ I. *FOIA/PRIVACY ACT*<br>☒ 895 Freedom of Information Act<br>☐ 890 Other Statutory Actions (if Privacy Act)<br><br>*(If pro se, select this deck)* | ☐ J. *Student Loan*<br>☐ 152 Recovery of Defaulted Student Loans (excluding veterans) |
|---|---|---|---|
| ☐ K. *Labor/ERISA (non-employment)*<br>☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt. Reporting & Disclosure Act<br>☐ 740 Labor Railway Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | ☐ L. *Other Civil Rights (non-employment)*<br>☐ 441 Voting (if not Voting Rights Act)<br>☐ 443 Housing/Accommodations<br>☐ 444 Welfare<br>☐ 440 Other Civil Rights<br>☐ 445 American w/Disabilities-Employment<br>☐ 446 Americans w/Disabilities-Other | ☐ M. *Contract*<br>☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholder's Suits<br>☐ 190 Other Contracts<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | ☐ N. *Three-Judge Court*<br>☐ 441 Civil Rights-Voting (if Voting Rights Act) |

**V. ORIGIN**
☒ 1 Original Proceeding  ☐ 2 Removed from State Court  ☐ 3 Remanded from Appellate Court  ☐ 4 Reinstated or Reopened  ☐ 5 Transferred from another district (specify)  ☐ Multi district Litigation  ☐ 7 Appeal to District Judge from Mag. Judge

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)
28 U.S.C. 1331 et. seq. and 5 U.S.C. 552 et seq Complaint under FOIA

**VII. REQUESTED IN COMPLAINT**  CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23 ☐   DEMAND $   Check YES only if demanded in complaint  JURY DEMAND: ☐ YES ☒ NO

**VIII. RELATED CASE(S) IF ANY**  (See instruction)  ☒ YES  ☐ NO   Civil Action 05-0769 (RBW)  If yes, please complete related case form.

DATE 4/23/08   SIGNATURE OF ATTORNEY OF RECORD  Cynthia A. Ivy, pro se

**INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44**
Authority for Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I. COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III. CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed only if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV. CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the primary cause of action found in your complaint. You may select only one category. You must also select one corresponding nature of suit found under the category of case.

VI. CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII. RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.

N:\forms\js-44.wpd